UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-428-GWU

MELISSA M. KALAR,                                              PLAINTIFF,

VS.                      **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Disability Insurance Benefits (DIB). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed

1

>   in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.
>
> 4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.
>
> 5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work.  Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.  Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

3

then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." <u>Abbott v. Sullivan</u>, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  <u>Id</u>.  In such cases, the agency may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The plaintiff, Melissa M. Kalar, filed an application for DIB on March 22, 2010, alleging disability beginning February 1, 2001 due to fibromyalgia, migraines, and gastroparesis.  (Tr. 131).  Her Date Last Insured (DLI) is March 31, 2001 (Tr. 128), meaning that she had only a two-month window to establish her entitlement to benefits.  After a review of the evidence, an Administrative Law Judge (ALJ) found that Mrs. Kalar did not have a "severe" impairment during the relevant period, thus stopping his inquiry at Step Two of the sequential process.  The plaintiff

requested review by the Appeals Council, which declined the request in a brief written decision.  (Tr. 32-35).  The plaintiff appeals.

The ALJ found that during the relevant period Mrs. Kalar did have medically determinable impairments due to fibromyalgia and migraine headaches, but that the objective evidence available did not demonstrate a limitation of her ability to perform basic work-related activities before March 31, 2001.  (Tr. 43-44).  He briefly discussed office notes from the plaintiff's treating family physician, Dr. Suzanne Pica, discussing treatment of conditions such as gastroesophageal reflux syndrome, high cholesterol, mild hypertension/peripheral edema, "questionable" migraine, polycystic ovarian syndrome, and obesity, as well as a CT scan of the cervical spine on March 21, 2001 showing mild degenerative disc disease, loss of lordosis indicating muscle spasm, and borderline congenital spinal stenosis from C4-7. She had also undergone breast cancer screening.  (Id.).

As the plaintiff points out, however, Dr. Pica submitted a physical residual functional capacity assessment form dated October 9, 2009, indicating that Mrs. Kalar had diagnoses of fibromyalgia, polycystic ovarian syndrome, severe gastroparesis, obstructive sleep apnea, severe gastroesophageal reflux disease, and peripheral edema.  (Tr. 508).  She would be limited to less than full-time standing and walking, in addition to other restrictions.  The physician specifically

opined that the limitations would have been present prior to March 31, 2001.  (Id.).  The ALJ's decision contains no mention of this form.

The Sixth Circuit has emphasized that the Commissioner must follow the regulations requiring him to always give "good reasons" for the weight given to a treating source opinion.  Wilson v. Commissioner of Social Security, 378 F.3d 541, 544 (6th Cir. 2004), citing 20 C.F.R. § 404.1527(d)(2).  The Wilson court recognized that a treating physician opinion "will" be given controlling weight under the regulations if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other evidence in the case record.  Id.  Among the purposes of the reason-giving requirement is to make the ALJ's reasoning clear to subsequent reviewers, see Social Security Ruling 96-2p, p. 12, and also to let claimants "understand the disposition of their cases particularly in situations where a claimant knows his physician has deemed his disabled and might be especially bewildered" by an agency decision to the contrary.  Wilson, 378 F.3d at 544 (citations omitted).  The Sixth Circuit has declined to find any "harmless error" exception in cases such as Mrs. Kalar's in which a treating physician opinion is not mentioned at all.  Bowen v. Commissioner of Social Security, 478 F.3d 742, 748-9 (6th Cir. 2007).  Therefore, there has plainly been a violation of the regulations at 20 C.F.R. § 404.1527(d)(2) in the present case.

The Commissioner suggests that the Appeals Council's discussion of Dr. Pica's opinion in their action denying the plaintiff's request for review (Tr. 33) satisfies the regulatory requirement. However, Sixth Circuit precedent establishes that "[w]hen the [A]ppeals [C]ouncil denies review, the decision of the ALJ becomes the final decision of the [Commissioner] . . . . [O]n appeal we still review the ALJ's decision, not the denial of review by the [A]ppeals [C]ouncil." Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir. 1993). The Appeals Council specifically stated that it "found no reason under our rules to review the [ALJ's] decision" and "we have denied your request for review." (Tr. 32). This means that under controlling case law the ALJ's hearing decision was the final decision of the Commissioner. The court notes in passing that even the Appeals Council discussion of Dr. Pica's opinion (Tr. 33) does not really satisfy the balancing requirements of § 404.1527(d)92). If the Commissioner does not give controlling weight to the treating physician's opinion, it does not mean that the opinion should completely be rejected. Blakley v. Commissioner of Social Security, 581 F.3d 399, 408 (6th Cir. 2009). The Appeals Council believed that Dr. Pica's opinion was based on conditions which had not been diagnosed by the DLI. (Tr. 33). However, Dr. Pica's notes establish that she had diagnosed "severe" gastroesophageal reflux disease and polycystic ovary disease in 2000 (Tr. 221), and the plaintiff had been referred to a neurologist for headaches in early March, 2001 and had been

8

diagnosed with "mixed-type headaches, migraine/tension type." (Tr. 540-1). There is some contemporary support for Dr. Pica's opinion, contrary to the Appeals Council.

The decision will be remanded for further consideration.

This the 3rd day of November, 2011.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**