**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**


**CIVIL ACTION NO. 10-428-JBC**

**MELISSA M. KALAR,**                                                        **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**                      **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \* \* \***

This matter is before the court on Kalar's motion for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (R. 19), and her related motion for leave to file notice of a recent decision by the Sixth Circuit Court of Appeals (R. 24).  Because an award of fees under the EAJA is appropriate, but not at the requested hourly rate, the court will grant the fees motion in part and deny it in part.

Kalar's attorney, Wolodymyr Cybriwsky, is seeking $150.00 per hour for 28.25 hours of work on Kalar's successful appeal of the Commissioner's administrative denial of her application for disability benefits.  He also submits an assignment of fees executed by his client.  The Commissioner concedes that Kalar was the prevailing party and does not contend that his position was substantially justified.  R. 21 at 3.  The Commissioner does object to the hourly rate requested and to giving effect to the assignment.

28 U.S.C. § 2412(d)(2)(A), as amended in 1996, provides that fees "shall be based on prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Reasonable fees are those which are "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 486 U.S. 886, 895 n. 11 (1986).  The relevant community, although a somewhat fluid concept, has been defined as the same metropolitan area as the one in which the case was brought.  *Chipman v. Sec'y of Health and Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).  The plaintiff must provide evidence that the rates she requests are in line with the prevailing rates in the community.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

In support of her request for an increase in fees from $125.00 to $150.00, Kalar has submitted an affidavit dated June 20, 2003, by an attorney, Alvin D. Wax, stating that his customary fee is between $150.00 and $200.00 per hour depending on the complexity of the case, and that his customary EAJA fee is $125.00 plus a cost-of-living increase.  Wax avers that his office is in Louisville, Kentucky, and that he practices law throughout the states of Kentucky and Indiana.  R. 19-3.  Attached to the affidavit, which Kalar concedes is somewhat dated, R. 19 at 4, is an incomplete Report and Recommendation from a Magistrate

Judge in the Western District of Kentucky at Louisville, and a complete Order dated

January 24, 2003 by the Honorable Joseph M. Hood of this court, awarding Mr.

Wax a fee of $144.20 per hour.  R. 19-3, at *3.  Judge Hood specifically found

that a fee in excess of the statutory maximum was justified because the case had

required special expertise in an evolving area of the law.  *Id.*

Cybriwsky has not made any showing that prevailing fees for Social Security

appeals in the Central Division of this court exceed the statutory cap of $125.00

per hour, or that special expertise was required in this case. Accordingly, the

exhibits he has submitted do not meet his burden of justifying his request for

reimbursement at $150.00 per hour.

Since the threshold issue has not been met, it is unnecessary to reach the

issue of increases in the cost of living, as represented in a chart of the Consumer

Price Index attached to Mr. Cybriwsky's brief.  *Begley v. Sec'y of Health and

Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992) ("after the district court

determines, based on the evidence in the record, the prevailing market rate for

attorney's services of the kind and quality rendered in this case, it should next

consider and determine, as an exercise of its discretion, whether increases in the

cost of living justify an award in excess of [the statutory maximum]"). *See also

Levernier Construction, Inc. v. United States*, 947 F.2d 497, 504 (Fed. Cir. 1991).

Kalar also mentions that only a limited number of attorneys in this district are

willing to take Social Security appeals, a factor mentioned in § 2412(d)(2)(A), as a

possible justification for a higher fee, but she supplies no documentary evidence.

The Commissioner asks the court to "take judicial notice of the fact that there are a sufficient number of attorneys of similar skill and expertise who routinely handle Social Security cases and receive reimbursement under the EAJA at no more than $125.00 per hour."  R. 21, at 5, n. 1.  In the absence of a threshold showing of a shortage of attorneys, the court need not address this issue.

The Commissioner, citing 31 U.S.C. § 3727, the Anti-Assignment Act ("AAA"),  objects to giving effect to an assignment of EAJA fees to Cybriwsky which was executed by Kalar on November 19, 2011, shortly after the case was remanded. Consistent with its prior holdings, *e.g., Lucas v. Astrue*, Civil Action No. 2:11-139-JBC (E.D. Ky. May 17, 2012), the court continues to find that an assignment executed against the United States before the amount of the claim was decided and before a warrant for payment of the claim was issued is void under the AAA.

Nothing in *Turner v. Comm'r of Soc. Sec.*, 630 F.3d 721 (6th Cir. 2012), notice of which Kalar has moved to file as a supplement to her brief, provides a reason to alter the court's analysis.  In *Turner*, the court held that a plaintiff who receives a Sentence Four remand has "incurred" fees under EAJA.  The Commissioner has not argued that Kalar did not incur fees, and *Turner* has no bearing on the issues involved in the present case.

The court will therefore award attorney's fees pursuant to EAJA in the amount of $3,531.25 (28.25 hours x $125.00 per hour), but the fees are awarded

to Kalar, not her attorney, and are subject to a government offset to satisfy any

pre-existing debt that Kalar may owe to the United States.  Accordingly,

      **IT IS ORDERED** that the motion for leave to file notice of a recent decision,

R. 24, is **GRANTED**, and the motion for an award of attorney's fees. R. 19, is

**GRANTED IN PART** and **DENIED IN PART.**


Signed on July 13, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY